IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT DEAN JOHNSON,**

        **Plaintiff,**

      **v.**                        CASE NO.  07-3299-SAC

**DAVID R. McKUNE,**
**et al.,**

        **Defendants.**

### O R D E R

This civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (LCF).  Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), but has paid the filing fee in full.  Named defendants are David McKune, Warden, LCF; and Roger Werholtz, Secretary, Kansas Department of Corrections (KDOC).

As the factual background for his complaint, Mr. Johnson alleges that at LCF on October 9, 2006, he was the victim of an assault and battery by another inmate, Mr. Dickerman.  He further alleges an object, which he does not describe except as dangerous and blunt, was left unsecured in a restricted area that was retrieved and used by inmate Dickerman in the assault.  Plaintiff claims there was inadequate security in the "max dining room" at the time of the assault with only one correctional officer assigned and one security camera.  He asserts it was the responsibility of the KDOC and LCF to make sure "all restricted work areas are secured," and to secure all dangerous materials that could be used as weapons. He further asserts it was the responsibility of KDOC and LCF to

"discard all dangerous materials in a (sic) electric trash compactor" located at the fire gate or sally port "at the front of the max prison." He claims KDOC and LCF were negligent, and alleges the "I&I" investigated and "filed charges" against inmate Dickerman in the Leavenworth District Attorney's Office.

Plaintiff additionally alleges he was not informed of inmate Dickerman's court date in "Leavenworth District Court" on the assault and battery charge, and asserts that "KDOC and LCF" violated his civil rights as a victim to appear and testify on his own behalf[1].

Plaintiff alleges he has 3 to 4 staples on the left side of his head, and is having headaches quite often as well as mental anguish and stress. He seeks five million dollars for personal injuries caused by the assault, and reimbursement of the filing fee paid herein.

Because Mr. Johnson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF DEFENDANTS**

Section 1983 imposes liability for conduct which causes the

---

[1] Plaintiff does not request relief based upon this particular claim, and does not allege sufficient facts indicating his entitlement to any. He had no federal constitutional right to attend or be called as a witness at the criminal proceeding against his alleged assailant.

2

complainant to be subjected to a deprivation of a right secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). In order to establish a cognizable claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that defendants, acting under color of state law, deprived him of a federally protected right and that the named defendants were personally involved in the deprivation. A supervisor may be found liable under § 1983 only on the basis of his or her own acts or omissions. A supervisor's liability may not be predicated solely upon a theory of respondeat superior. McKay v. Hammock, 730 F.2d 1367, 1374 (10th Cir. 1984)(A supervisor cannot be held liable in either an official or individual capacity in the absence of some affirmative link between the alleged constitutional violation and the supervisor's exercise of control or a failure to supervise.), *citing* Rizzo, 423 U.S. at 371; Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995).

In the instant case, plaintiff does not describe any personal acts by either named defendant. Instead, he assumes Warden McKune and Secretary Wertholtz are liable solely because of their supervisory capacities over the LCF and the KDOC[2]. Plaintiff claims negligence in failing to adequately secure a dining area, a certain restricted work area, and a particular dangerous object at LCF, but

---

[2] To be held liable under § 1983, a supervisor must have participated or acquiesced in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). An "affirmative link" must exist between the constitutional deprivation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Id. at 1527. This link is satisfied if "a supervisor has established or utilized an unconstitutional policy or custom." Id. at 1528. Plaintiff herein describes no unconstitutional policy or custom.

does not name as defendant the person or persons whose inactions resulted in the dangerous object being accessible to inmate Dickerman. Nor does he name as defendant the person or persons who failed to provide adequate security in the dining area where the assault occurred. Plaintiff will be given time to describe the personal, unconstitutional acts or inactions of the named defendants. If he fails to allege additional facts showing personal participation by these defendants, this action may be dismissed without further notice for failure to allege personal participation of defendants.

Plaintiff indicates on his form complaint that defendants were not acting under color of state law. As noted earlier, liability under Section 1983 requires that defendants acted under color of state law. The court might construe the complaint as alleging state action, since all actions taken by these two state prison officials in the course of their duties are clearly actions taken under color of state law. However, because it appears plaintiff may have failed to name as defendants the persons who actually participated in the alleged failure to protect, he is instead advised that all defendants he sues under §1983 must have acted under color of state law, and given time to amend his complaint to cure these deficiencies concerning the named defendants.

**FAILURE TO ALLEGE SUFFICIENT FACTS**

The court also observes that plaintiff does not allege sufficient facts to elevate his claim of negligent conduct to one of a constitutional failure to protect. As noted, to recover under § 1983, plaintiff must show a deprivation of rights secured by the

4

Constitution and laws of the United States. <u>Rizzo</u>, 423 U.S. at 370-71. Plaintiff's complaint alleging negligence might be construed as a claim of "failure to protect" him from assault by other inmates in violation of the Eighth and Fourteenth Amendments. The Supreme Court has made clear that prison officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

<u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994)(internal quotation marks and citations omitted); <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984). However, it is not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." <u>Farmer</u>, 511 U.S. at 834.

A prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm," <u>id</u>.; and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." <u>Id</u>.; <u>Wilson v. Seiter</u>, 501 U.S. 294, 299 (1991). Deliberate indifference exists when an official "knows of and disregards an

5

excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 837 ("A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); <u>Gonzales v. Martinez</u>, 403 F.3d 1179, 1186 (10th Cir. 2005). Deliberate indifference requires "a higher degree of fault than negligence." <u>Hovater v. Robinson</u>, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); <u>Farmer</u>, 511 U.S. at 835.  A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. <u>Id</u>. Plaintiff thus must allege facts indicating defendants were actually conscious of the risk rather than that they should have been, or that the risk was so obvious awareness of it is conclusively presumed. <u>Id</u>.  The mere fact that an assault occurred does not establish the requisite deliberate indifference to a prisoner's constitutional rights. <u>Hovater</u>, 1 F.3d at 1068.

    Plaintiff makes only a conclusory statement that the assault on him by another inmate resulted from negligence of defendants.  He fails to describe any wrongdoing by specific staff, or cite any particular policy as disregarding a known or obvious risk. Plaintiff does not allege facts indicating defendants were aware of a risk that he would be attacked, as from him having been the victim of previous attacks or reported a threat of attack.  Nor does he allege there were prior attacks on others in the same area or with

6

the same type of weapon, which actually put defendants on notice of lax security, or any type of prior administrative findings that security in the areas was inadequate.  He simply states his opinion that one officer and one security camera were insufficient when and where he was assaulted, without providing any facts upon which his opinion is based.  For example, plaintiff does not allege how many inmates were in the area and how the provided security was inadequate given the existing circumstances.  He likewise does not allege facts indicating defendants knew of risk from a lack of sufficient security in the particular restricted work area from where the weapon was obtained or the area where the assault occurred.  Plaintiff's allegation of an isolated assault by another inmate is simply insufficient to be construed as a pervasive risk of harm that prison officials were aware of and yet failed to reasonably respond to.  The court concludes this action is subject to being dismissed for failure to state sufficient facts in support of a federal constitutional claim.

**NO EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Finally, the court notes plaintiff marks on his form complaint that he has not exhausted prison administrative remedies.  Since the passage of the PLRA, a prisoner plaintiff has been and still is required to exhaust the available administrative remedies prior to bringing a civil rights action in federal court.   42 U.S.C. 1997e(a); see also Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussel, 534 U.S. 516, 524 (2002)(Prior exhaustion of administrative remedies in cases brought with respect to prison conditions or occurrences is mandatory.).  The recent Supreme Court opinion

7

holding that failure to exhaust is an affirmative defense, did not abrogate the statutory exhaustion requirement for prisoners. It merely relieved plaintiffs of the burden of pleading exhaustion in their complaint. However, where as here the inmate litigant states in his complaint that he has not met the exhaustion prerequisite, the court should and does require plaintiff to explain to the court why he failed to exhaust and to show cause why this action should not be dismissed on account of his failure to meet the statutory prerequisite of exhaustion of administrative remedies. Mr. Johnson will be given time to provide this information to the court.

**REQUEST FOR DISCOVERY**

In his complaint, plaintiff requests to subpoena "or suppress" all LCF I&I investigative reports, investigative reports of the Leavenworth District Attorney's Office, the videotape "that shows the assault," photographs of the weapon, the x-ray showing the staples in his head, and "all of the medical reports from HCF." The court treats this as a motion for discovery seeking to obtain or preserve this potential evidence, and not a motion to suppress, seeking to prevent these materials from being presented to the court. The request has not been filed as a motion and is denied at this time, without prejudice, but may be renewed by plaintiff later if this action survives screening. Plaintiff does not appear to have requested preservation or copies of these materials through the prisoner request process. Any future motion for discovery must be on a separate page with the caption of the case and the title of the motion at the top.

8

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit an Amended Complaint in which he alleges facts showing personal participation by each named defendant, states additional facts supporting a claim of failure to protect under the Eighth Amendment, and shows cause why this action should not be dismissed for failure to satisfy the statutory prerequisite of exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that plaintiff's request for discovery in the complaint (Doc. 1) is denied, without prejudice to him filing a motion for discovery at a later stage in the proceedings; and that his motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot since he has paid the filing fee.

**IT IS SO ORDERED**.

Dated this 21st day of December, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge